# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ORECK CORPORATION, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| HCC GLOBAL FINANCIAL | ) | |
| PRODUCTS, LLC, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants U.S. Specialty Insurance Company

("USSIC"), HCC Global Financial Products, LLC ("HCC Global"), HCC Insurance Holdings,

Inc. ("HCC Insurance Holdings"), Houston Casualty Company ("Houston Casualty"), and

Illium, Inc. ("Illium"), collectively the "Defendants," give notice of their removal to the United

States District Court for the Middle District of Tennessee of this proceeding, filed in the

Chancery Court for Putnam County, Tennessee, under the caption *Oreck Corporation, et al. v.*

*HCC Global Financial Products, LLC, et al.*, No. 2012-148. Defendants further state the

following:

## I. BACKGROUND

1.      On April 30, 2012, plaintiffs filed their initial Complaint for Damages and

Declaratory Relief (the "Initial Complaint") in the state court. The Initial Complaint named only

USSIC, the company that issued the insurance policies at issue in this case, and HCC Global,

which acted as USSIC's disclosed agent in underwriting the policies and handling claims under

the policies. A copy of the Initial Complaint is attached as Exhibit A.

2.    Plaintiffs did not serve the Initial Complaint upon any of the Defendants.

3.    On July 3, 2012, plaintiffs filed their First Amended Complaint for Damages and Declaratory Relief (the "Amended Complaint") in the state court. The Amended Complaint names the Defendants that join in this Notice of Removal. A copy of the Amended Complaint is attached as Exhibit B.

4.    HCC Global, HCC Insurance Holdings and Houston Casualty were served with the Amended Complaint on July 16, 2012. Illium was served on July 17, 2012, and USSIC was served on July 18, 2012.

## II. NATURE OF THE ACTION

5.    This action presents a dispute between the plaintiffs and USSIC relating to USSIC's denial of insurance coverage sought by the plaintiffs under two insurance policies issued by USSIC. Those policies (the "Policies") are No. 14-MGU-08-A17951, issued to ASP Oreck, Inc. for the period from November 17, 2008 to March 19, 2016, and No. 14-MGU-11-A23434, issued to Oreck Holdco 1, Inc. for the period from March 19, 2011 to March 19, 2012. Copies of the Policies are attached to the Amended Complaint as Exhibits A1 and A2.

6.    Plaintiffs sought coverage for (a) defense costs they allege they incurred in connection with six putative class actions (the "Class Actions"), and (b) defense costs they allege they incurred, and a settlement payment they allege they made, in connection with an action by the U.S. Federal Trade Commission (the "FTC Action"). The Class Actions and FTC Action alleged that plaintiffs sold vacuums and air purifiers to consumers that failed to perform their stated functions, and specifically failed to kill germs or remove contaminants as allegedly represented in communications by the sellers to consumers. The Class Actions were

consolidated in the U.S. District Court for the Central District of California and a consolidated complaint was filed there on behalf of all named plaintiffs on July 13, 2012.

7. Defendant USSIC is the only defendant that is a party to the Policies.

8. Defendant HCC Global is a limited liability company and an indirect subsidiary of HCC Insurance Holdings. HCC Global is not a party to the Policies or to any insurance or other contract with plaintiffs. HCC Global acted as the disclosed agent for USSIC in the underwriting and issuance of the Policies and in the handling of claims under the Policies. *See* Amended Complaint, ¶¶ 17-18.

9. Defendant Illium is a wholly owned direct subsidiary of defendant HCC Insurance Holdings and the parent of defendant Houston Casualty. Illium is not a party to the Policies or to any insurance or other contract with the plaintiffs. Illium did not underwrite or issue the Policies or handle claims under the Policies.

10. Defendant Houston Casualty is an indirect subsidiary of HCC Insurance Holdings and the parent of USSIC. Houston Casualty is not a party to the Policies or to any insurance or other contract with the plaintiffs. Houston Casualty did not underwrite or issue the Policies or handle claims under the Policies.

11. HCC Insurance Holdings is the corporate parent of all of the other defendants in this action – Illium, its direct subsidiary, and Houston Casualty, HCC Global and USSIC, its indirect subsidiaries. *See* Amended Complaint, ¶ 14. HCC Insurance Holdings is not a party to the Policies or to any insurance or other contract with the plaintiffs. HCC Insurance Holdings did not underwrite or issue the Policies or handle claims under the Policies.

12. The stated basis for the assertion of claims against defendants other than USSIC is that those other defendants constitute a group of affiliated companies; that some of them

exercised dominion or control over the actions and decisions of others among them; and that

HCC Insurance Holdings operated a "scheme" to deprive policyholders of coverage to which

they were entitled, while avoiding liability for that "scheme" by using separately incorporated

entities to issue the policies and respond to claims. *See* Amended Complaint, ¶¶ 15-16. These

assertions are made in the Amended Complaint without any allegation of any supporting facts.

## III. BASIS FOR REMOVAL

13.     Defendants remove this case based on federal diversity jurisdiction under 28

U.S.C. § 1332. The amount in controversy exceeds $75,000, as set forth at page 3 of the May 1,

2012 letter from John G. Arena of Oreck Corporation to Lisa Evon of HCC Global, which is

attached as Exhibit C. There is complete diversity of citizenship between the plaintiffs, all of

which are Delaware corporations with their principal places of business either in Tennessee or

Wyoming, *see* Amended Complaint, ¶¶ 1-6, and the only properly joined defendant, USSIC,

which is a Texas corporation with its principal place of business in Texas, *see id.* at ¶ 7.

14.     Defendants HCC Global, HCC Insurance Holdings, and Illium are alleged to be

organized under the laws of the State of Delaware, with their principal places of business in

Connecticut (HCC Global) and Texas (HCC Insurance Holdings and Illium). Because of their

Delaware citizenship they are not diverse from plaintiffs. *See id.* at ¶¶ 8, 9, 11. But they are not

proper parties to this action and were fraudulently joined for the purpose of defeating removal.

There is no colorable basis for any claim against them. Their citizenship therefore must be

disregarded for purposes of determining whether complete diversity exists. *See, e.g., Coyne ex

rel. Ohio v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999).

15.     There is no basis for the negligence claim against HCC Global in Count III

because no relationship or dealings are alleged between HCC Global and any plaintiff that could

give rise to any duty imposed by law. The only dealings between them involved HCC Global's acts as the disclosed agent of USSIC, underwriting the policies for USSIC and handling plaintiffs' claims for insurance coverage under the Policies. *See, e.g.,* Amended Complaint, ¶ 62. The only duty that could exist to pay a claim covered by the Policies is a duty imposed by contract, but HCC Global is not a party to the Policies and USSIC is the only defendant that could have a duty arising under those contracts. *Forrest Const. Co. LLC v. Laughlin*, 337 S.W. 3d 211, 225 (Tenn. Ct. App. 2009) (person not a party to a contract cannot be in breach), *appeal denied*, No. M2008-01566-SC-R11-CV, 2010 Tenn. LEXIS 602 (June 18, 2010) ; *Gilliam v. Goodyear Tire & Rubber Co.,* 137 S.W.2d 267, 268 (Tenn. 1940) ("the general rule of normal agency is that where a contract is made by an authorized agent in the name and on the account of a competent principal, the agent incurs no liability upon or with reference to the contract") (internal quotation marks and citation omitted); *Holt v. Am. Progressive Life Ins. Co.*, 731 S.W.2d 923, 925 (Tenn. App. 1987) ("a contract with a known agent for a disclosed principal is the contract of the principal unless circumstances show that the agent intended to be bound or assumed the obligations under the contract"). HCC Global cannot be liable in negligence because the only source of duty is an insurance contract between USSIC and the plaintiffs and therefore no duty imposed by law (as opposed to contract) is implicated here. *See Permobil, Inc. v. Am. Express Travel Related Servs. Co., Inc.* 571 F. Supp. 2d 825, 842 (M.D. Tenn. 2008).

16.    There is no basis for the negligence claim against HCC Insurance Holdings in Count X, because no relationship or dealings are alleged between HCC Insurance Holdings and any plaintiff that could give rise to any duty imposed by law. The only duty that could exist here is a duty arising from contract and HCC Insurance Holdings is not alleged to be a party to the

contract or to have any contractual duty to any plaintiff. *See* paragraph 15 and authorities cited there.

17.    Plaintiffs seek to hold HCC Insurance Holdings liable for negligence on the basis that it is the corporate parent of HCC Global. *See* Amended Complaint, ¶¶ 103-105. But they do not allege any colorable claim against HCC Insurance Holdings for "alter ego" liability based on negligence. To establish "alter ego" liability for negligence, plaintiffs would have to allege (a) that HCC Insurance Holdings exercised complete dominion over HCC Global, such that HCC Global had no separate mind, will or existence of its own with respect to the relevant matters; (b) that this control was used to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or as a dishonest and unjust act in contravention of third parties' rights; and (c) that this control and breach of duty proximately caused the injury or unjust loss complained of. *Continental Bankers Life Ins. Co. v. Bank of Alamo*, 578 S.W.2d 625, 632 (Tenn. 1979). *See also Se. Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 674 n.12 (6th Cir. 2006). The conclusory allegations in the Amended Complaint do not set forth a colorable claim for alter ego liability under the applicable law.

18.    Furthermore, HCC Global, the entity as to which plaintiffs claim HCC Insurance Holdings is an alter ego, is not alleged to have had any relationship or dealings with any plaintiff that could give rise to a duty imposed by law. *See* paragraph 15 and authorities cited there. Because HCC Global cannot be held liable in negligence, HCC Insurance Holdings cannot be liable in negligence as the supposed alter ego of HCC Global.

19.    Count VI fails to set forth any colorable claim for breach of contract against HCC Global. *See* paragraph 15 and authorities cited there. The conclusory allegations that HCC Global acted as the "alter ego" of USSIC or "unjustly" exercised control over it, *see id.* at ¶ 76,

are insufficient to establish a cause of action for alter ego liability based on an alleged breach of contract. *See* paragraph 17 and authorities cited there.

20.     Counts IV and V fail to set forth any colorable claim for tortious interference by HCC Global with either of the insurance contracts. Under Tennessee law, the agent of a contracting party cannot interfere tortiously in the contract of its principal if the agent acts "within the general range of [its] authority" and its actions are "substantially motivated by an intent to further the interest of the [principal]." *Forrester v. Stockstill*, 869 S.W.2d 328, 334-335 (Tenn. 1994). Thus "the claim can be alleged successfully only when the interfering party is a third party not closely tied to the operations of the breaching corporation." *Waste Conversion Sys., Inc. v. Greenstone Indus., Inc.*, 33 S.W.3d 779, 782 (Tenn. 2000). Plaintiffs acknowledge that HCC Global is one of several companies affiliated with USSIC and that HCC Global acted as the disclosed agent of USSIC in handling claims under the Policies. *See* Amended Complaint, ¶¶ 14, 17. They do not allege that HCC Global was not acting within its authority as USSIC's agent; that it was not attempting to further the interests of the principal, USSIC; or that it was not "closely tied" to USSIC's operations. To the contrary, they allege that HCC Global was directly involved in these operations because it underwrote the Policies and handled claim for USSIC. The Amended Complaint therefore alleges no facts suggesting any colorable claim for tortious interference by the agent with the contract made by its principal.

21.     Counts XI and XII fail to set forth any colorable claim for tortious interference by HCC Insurance Holdings, the indirect corporate parent of USSIC. Under Tennessee law, "a parent corporation is privileged to interfere in the contractual relations of a wholly-owned subsidiary and … is immune from liability for inducing to breach a contract with another party." *Waste Conversion Sys.*, 33 S.W.3d 779 at 784. This privilege can only be lost "by acting

contrary to such subsidiary's economic interests or by using wrongful means," such as "fraud, misrepresentation, threats, violence, defamation, trespass, restraint of trade, intimidation, molestation, or any other wrongful act recognized by statute or common law." *Id.* Plaintiffs assert, in conclusory fashion and without alleging any supporting facts, that HCC Insurance Holdings "acted maliciously to serve its own interests," *see* Amended Complaint, ¶ 112, but they do not allege that HCC Insurance Holdings acted in any manner contrary to the interests of USSIC, or that HCC Insurance Holdings employed any wrongful means to induce a breach of the insurance contract, as opposed to simply exercising the control or influence that a corporate parent has over a subsidiary. The Amended Complaint therefore does not state a colorable claim for tortious interference by the parent with a contract made by its subsidiary.

22.     Counts VIII and XV fail to set forth any colorable claim for breach of contract against HCC Insurance Holdings or Illium. Plaintiffs do not allege that either defendant was a party to the Policies. They have not alleged any colorable claim that either is liable on an "alter ego" theory for an alleged breach of contract by USSIC. Conclusory allegations that HCC Insurance Holdings and Illium benefitted from a financial gain achieved by their subsidiary, *see* Amended Complaint, ¶¶ 89, 132, "unjustly" exercised control over the subsidiary, *see id.* at ¶¶ 90, 133, or acted as the "alter ego" of the contracting party, *see id.* at ¶¶ 90, 133, are insufficient to establish a colorable claim against a corporate parent. *See* paragraph 17 and authorities cited there.

23.     Counts VII, IX, and XVI fail to set forth any colorable claim for bad faith against HCC Global, HCC Insurance Holdings, or Illium. Under Tennessee law, the exclusive remedy for bad faith refusal to pay amounts due under an insurance policy is statutory. *See, e.g., Cracker Barrel Old Country Store, Inc. v. Cincinnati Ins. Co.*, 590 F. Supp. 2d 970, 972 (M.D.

Tenn. 2008). Recovery under the statute is available only against an insurer, for bad faith refusal to pay under a policy issued by *that* insurer. TENN. CODE ANN. § 56-7-105. There is no basis for any bad faith liability in this case, but if there was it could only be imposed upon USSIC, because USSIC is the only defendant that issued an insurance contract under which the plaintiffs allege a duty to pay. The allegation that HCC Global, HCC Insurance Holdings, and Illium "acted like" an insurer with respect to the contracts at issue, *see* Amended Complaint, ¶¶ 80, 94, 137, does not state any colorable claim for bad faith liability.

24.    Finally, because the Amended Complaint fails to set forth any colorable substantive claim against HCC Global, HCC Insurance Holdings, or Illium, the purported claim for declaratory relief in Count XVII fails to state any colorable claim against these Defendants.

25.    In sum, this case presents a dispute between the plaintiffs and USSIC with respect to whether USSIC breached a duty, arising from insurance contracts to which only USSIC is a party, to pay amounts allegedly incurred in connection with underlying claims. The other claims in the Amended Complaint are baseless attempts to defeat diversity by asserting a host of invalid theories against non-diverse corporations that are not the plaintiffs' insurer, and that are not obligated to plaintiffs under the insurance contracts or relevant law.

### IV. THIS REMOVAL IS PROCEDURALLY CORRECT

26.    Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Middle District of Tennessee because plaintiffs' cause of action allegedly accrued in substantial part in Putnam County, Tennessee. *See* Amended Complaint, ¶13.

27.    In accordance with 28 U.S.C. § 1446(a), a copy of all process and pleadings served upon Defendants in the state court action is attached as Exhibit B.

28.     In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been filed within 30 days after service of the Amended Complaint upon the Defendants.

29.     In accordance with 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this Notice of Removal to plaintiffs' counsel and file a copy of the same with the Clerk of the Chancery Court for Putnam County, Tennessee. Copies of the Notice of Filing Removal and Notice to Plaintiffs of Filing Removal are attached as Exhibits D and E.

Respectfully submitted,

Junaid A. Odubeko (Tenn. Bar No. 23809)
BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
1200 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219-2433
Telephone: (615) 503-9132
Facsimile: (615) 503-9101

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify on the date set forth below I caused a true and correct copy of the

foregoing Notice of Removal to be sent by U.S. Mail, postage prepaid, to counsel for plaintiffs,

addressed as follows:

Thor Y. Urness
Heather Howell Wright
1600 Davidson Street, Suite 700
P.O. Box 340025
Nashville, TN 37203

Jeffrey G. Jones
Wimberly Lawson Wright Daves & Jones, PLLC
1420 Neal Street, Suite 201
Cookeville, TN 38501

Junaid A. Odubeko

Date: August 13, 2012